# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

HEAVY PETROLEUM PARTNERS, LLC,
and CHEROKEE WELLS, LLC,

*Plaintiffs*,

vs.                                                          Case No. 09-1077-EFM

PAUL ATKINS, an individual, and J.J.R. OF
KANSAS LIMITED,

*Defendants.*

## MEMORANDUM AND ORDER

This is a dispute over an oil and gas lease in northeast Kansas. Plaintiffs allege that

Defendants have wrongfully interfered with its interests by shutting-in producing oil wells. This

matter is before the Court on Defendants' Motion to Transfer Case from Wichita to Topeka. (Doc.

26) and Defendants' Supplemental Motion to Transfer Case (Doc. 82). Plaintiffs have filed a Motion

to Strike Defendants' Supplemental Motion (Doc. 87).  For the following reasons, the Court grants

Defendants' motions to transfer case and denies Plaintiffs' motion to strike Defendants'

supplemental motion.

## I.  Factual and Procedural Background

Plaintiffs first filed suit alleging breach of contract, several tort claims, and a quiet title

claim.  Plaintiffs requested a jury trial but did not designate a place of trial.  Defendants answered

and counterclaimed alleging breach of contract claims and a quiet title claim. Defendants also

requested a jury trial but did not designate a place of trial.

Plaintiffs then filed an Amended Complaint alleging several breach of contract claims, a quiet title claim, and sought a declaratory judgment that it had the exclusive right to operate an oil lease. Plaintiffs designated Wichita, Kansas as the place of trial. Defendants answered, and they did not state that they requested a jury trial and did not designate a place of trial.[1]

Both Plaintiff Heavy Petroleum Partners ("HPP") and Plaintiff Cherokee Wells are Texas limited liability companies with their principal places of business in Fort Worth, Texas. Defendant Paul Atkins is an individual domiciled in McLouth, Kansas, and Defendant J.J.R. of Kansas Limited is a Kansas corporation with its principal place of business in McLouth, Kansas. The dispute is over an oil and gas lease agreement. The lease is located in Jefferson County, Kansas, and the lease covers approximately 240 acres.

Defendants filed a Motion to Transfer, and Plaintiffs filed their response. Several months later, Defendants filed a Supplemental Motion to Transfer Case identifying witnesses in their Fed. R. Civ. P. 26(a) disclosures. Plaintiffs filed a motion seeking to strike the supplemental motion arguing that the local rules do not authorize a supplement to a motion once the motion has become ripe for decision. Plaintiffs also filed, in the alternative, a response to Defendants' Supplemental Motion to Transfer. Before the Court is Defendants' motion to transfer case, Defendants' supplemental motion to transfer case, and Plaintiffs' motion to strike.

---

[1]Defendants' counsel changed between the filing of the first answer and the answer to the first amended complaint. Defendants currently have a Motion for Leave to Amend Complaint pending.

## II. Legal Standard

As an initial matter, Defendants filed a document entitled a "Supplemental Motion to Transfer Case" asserting that the parties' Rule 26 disclosures demonstrate that the witnesses in this case are primarily located in northeast Kansas. Plaintiffs argue that Defendants' motion should be stricken because it is not allowed under the local rules. The Court, however, will consider the witnesses listed in Defendants' Supplemental Motion to Transfer because it finds it appropriate to consider the location of the witnesses in Defendants' Rule 26 disclosures in making its determination on whether trial should be transferred to Topeka.

Pursuant to D. Kan. Rule 40.2, "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." 28 U.S.C. § 1404(a) governs change of venue. "Because Kansas constitutes only one judicial district and division, 28 U.S.C. § 1404(a) is, on its face, inapplicable to defendant's request for intra-district transfer."[2] In considering a motion for an intra-district transfer, the courts of this district look to the factors set forth under 28 U.S.C. § 1404(a) relevant to a change of venue motion.[3] "Those factors include plaintiff's choice of forum, the convenience for witnesses, the accessibility of witnesses and other sources of proof, the relative advantages and obstacles to a fair trial, and all other considerations of a practical nature that make a trial easy, expeditious and economical."[4] The party moving to transfer, as Defendants have done in this case, bears the burden of showing that the

---

[2]*Tiffany v. City of Topeka*, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009).

[3]*Lipsey v. Cessna Aircraft Co.*, 2007 WL 3003003, at *2 (D. Kan. Oct. 12, 2009) (citing *Aramburu v. The Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995)).

[4]*Tiffany*, 2009 WL 1683515, at *1 (citation and internal quotations omitted).

current forum is inconvenient.[5]

## III. Analysis

### A. Plaintiffs' Choice of Forum

"Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed."[6] However, if the plaintiff does not reside in the forum, plaintiff's choice is given less weight, and the factor is "largely inapplicable."[7] Here, neither Plaintiff resides in Kansas nor has its principal place of business in Kansas. Both Plaintiffs reside and have their principal places of business in Texas. As such, Plaintiff's choice of forum is entitled to less weight.

### B. Convenience and Accessibility of the Witnesses

The second factor in considering whether a transfer is warranted is the location of the witnesses. Defendants contend that the dispute is over a lease located in Jefferson County, Kansas, and most witnesses are located in the northeastern section of Kansas. In Defendants' Supplemental Motion, they assert that twenty-three of the twenty-seven witnesses listed in their Rule 26(a) disclosures reside in northeastern Kansas near Topeka. In addition, Defendants contend that several of the witnesses are over the age of 70 and would require special transportation arrangements.

Plaintiffs assert that some of Defendants' more egregious activities occurred in Wichita because Defendants filed false documents with the Conservation Division of the Kansas Corporation Commission, headquartered in Wichita. Plaintiffs state that at least one witness is located in Wichita and that several potential witnesses are located in Fredonia, Kansas which is geographically closer

---

[5]*Lipsey,* 2007 WL 3003003, at * 2 (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)).

[6]*Id.*

[7]*Id.*

to Wichita.  In addition, Plaintiff contend that the dispute encompasses more than just the situs of the lease, and this is largely a contractual dispute.

The Court has only been directed to possibly two witnesses that reside in Wichita that may testify at trial.  The majority of witnesses are located in northeastern Kansas.  As such, it appears that the inaccessibility of the Wichita courthouse and the inconvenience it may cause to many witnesses, some of whom are elderly, weighs in favor of Defendants and transfer.

**C. Fair Trial**

There are no facts in front of the Court indicating that Defendant would not receive a fair trial in Wichita or Topeka.

**D. Other Factors**

Defendants argue that other considerations weigh in favor of trial in Topeka.  They argue that travel cost for witnesses will be more if the trial occurs in Wichita, rather than Topeka, because witnesses may require overnight lodging if it occurs in Wichita. In addition, Defendants also argue that the subpoena power plays a significant role in the accessibility of witnesses.  They state that while the federal court sitting in Wichita would have subpoena power over witnesses located in Jefferson and Douglas counties, these witnesses may move to quash the subpoena because they would have to travel more than 100 miles.

Plaintiffs assert that while a subpoena that commands a non-party witness to attend a hearing more than 100 miles from his home, place of work, or place where he regularly transacts business, is theoretically subject to a motion to quash, Fed. R. Civ. P. 45 states that witnesses may be compelled to attend trial anywhere within the state if they will not incur "substantial expense." It is doubtful that any of the witnesses would incur "substantial expense" in traveling from

northeastern Kansas to Wichita, but as Plaintiffs note, these witnesses could move to quash a subpoena.  As stated above, the fact that Defendants have identified numerous witnesses located in northeastern Kansas demonstrates that most witnesses would incur a travel cost that would be minimized if the trial occurs in Topeka. Accordingly, these factors weigh in favor of Defendants.

In sum, as a whole, the factors weigh in favor of Defendant.  As such, Defendants have demonstrated that Wichita is an inconvenient forum, and the Court will transfer the case.[8]

**IT IS ACCORDINGLY ORDERED** this 25th day of January, 2010 that Defendant's Motion to Transfer Case from Wichita to Topeka (Doc. 26) is hereby granted.

**IT IS FURTHER ORDERED** that Defendant's Supplemental Motion to Transfer Case (Doc. 82) is hereby granted.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike Defendants' Supplemental Motion (Doc. 87) is hereby denied.

**IT IS SO ORDERED**.

/s Eric F. Melgren
_____
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[8]Defendants contend that if the case is transferred to the Topeka division, a new judge of that court will preside. However, "[i]n this age of electronic case filing, it is largely irrelevant where a case is docketed. . . . In this district, there are no paper files in most civil cases; the file solely consists of th electronic pleadings. Thus, it matters not where the case is docketed." _Mack v. Hawker Beechcraft Corp._, 2007 WL 2746682, at *1 (D. Kan. Sept. 19, 2007).  To the extent Defendant is seeking the case to be transferred to another judge for purposes of docketing and maintenance, this request is denied and the case will remain in Wichita with the undersigned judge. The undersigned judge will also conduct the trial in this case, if it proceeds to trial, in Topeka.