# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HEAVY PETROLEUM PARTNERS, LLC, and CHEROKEE WELLS, LLC, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 09-01077-EFM ) |
| PAUL ATKINS and J.J.R. OF KANSAS LIMITED, | ) ) ) |
| Defendants. | ) ) ) ) |

## **MEMORANDUM AND ORDER**

A telephone conference was conducted on January 22, 2010 to address the parties' proposed final pretrial order. John W. Broomes appeared on behalf of the plaintiffs and Ira Dennis Hawver appeared on defendants' behalf.[1] Court and counsel discussed the proposed pretrial order and defendants' (1) pending motion to amend their counterclaim and (2) oral motion for leave to reopen discovery. The rulings on the two motions are set forth below.

---

[1] Mr. Atkins was in Mr. Hawver's office and also listened to the phone conference.

**Background**

This is a dispute over ownership and authority to control an oil and gas lease covering 240 acres in Jefferson County, Kansas. JJR of Kansas Limited (JJR) owned the lease in 2006 when contacted by Heavy Petroleum Partners (HPP) with a proposal to increase oil production through secondary recovery methods (steam and later heated water). In May 2006 the parties entered into a "Farmout Agreement" which established various rights and responsibilities between the parties. Disputes concerning the relationship developed and plaintiffs allege that JJR and Mr. Atkins have breached the Farmout Agreement by (1) interfering with lease operations and (2) failing to pay certain operating costs and expenses. Plaintiffs seek a declaratory judgment and to quiet title. Defendants counter that plaintiffs have failed to (1) comply with the Farmout Agreement and (2) produce oil in commercial quantities. Plaintiffs seek an order returning the lease to them.

**Motion to Amend**

Defendants move to amend their counterclaim to add the following claims:

1. negligence;

2. fraud;

3. "intentionally fraudulent actions" warranting punitive damages; and

4. intentional infliction of emotional distress.

Plaintiffs oppose the motion, arguing that the proposed amendments are futile.

## Analysis

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

**Futile**[3]

Defendants seek leave to add a claim that plaintiffs were negligent in failing to conduct reasonable research and investigation before commencing the secondary recovery efforts. However, plaintiffs argue that the negligence claim is futile because it is barred by

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

[3] Defendants filed no reply to plaintiffs' assertion that the proposed amendments were futile.

-3-

the terms of the parties' Joint Operating Agreement.[4]  Article V, subpart A of the Joint Operating Agreement provides:

> in no event shall [the operator] have any liability as Operator to the other parties for losses sustained or liabilities incurred except such as may result from gross negligence or willful misconduct.

Because defendants allege only ordinary negligence, the negligence claim is barred by the Joint Operating Agreement.

Equally important, the parties specifically agreed in the Farmout Agreement that HPP would conduct steam injection in a "test pod" and, if successful, plaintiffs could develop additional "pods."[5]  Because the plain language of the Farmout Agreement indicates that the parties agreed to establish a test pod to determine if steam injection would enhance the recovery of oil, defendants may not circumvent the terms of the contract by resorting to negligence allegations.  Under the circumstances, amending the complaint to add the negligence claim would be futile.

Defendants' claims of "fraud" and "intentional fraud" are also futile. Fed. R. Civ. P. 9(b) requires that a party asserting fraud "must state with particularity the circumstances constituting fraud."  However, defendants' "fraud" claims are conclusory and lack the specificity required by Rule 9(b); therefore, the fraud claims would not survive a motion to

---

[4] The Joint Operating Agreement is an addendum to the Farmout Agreement.  The Farmout Agreement and Joint Operating Agreement are attached to and part of plaintiffs' amended complaint.  Plaintiff Cherokee Wells is the "Operator"

[5] Plaintiffs did develop the test pod; however, defendants dispute whether the oil is being produced in "commercial quantities."

-4-

dismiss for failure to state a claim. Accordingly, amending the complaint to add the fraud claims would be futile.

Similarly, defendants' claim for intentional infliction of emotional distress is futile because it would not survive a motion to dismiss. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." However, "a pleading that offers 'labels and conclusions' or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. The well-pleaded facts must allow the court to infer more than a "mere possibility" of misconduct. Id. Defendants' conclusory one-sentence allegation of intentional infliction of emotional distress fails the Iqbal standard and therefore fails to state a cause of action.

**IT IS THEREFORE ORDERED** that defendants' motion to amend their counterclaim **(Doc. 69)** is **DENIED.**[6]

**Oral Motion to Reopen Discovery**

During the January 22, 2009 final pretrial conference, defendants orally moved to

---

[6]

The parties' proposed final pretrial order will be edited so that the final pretrial order is consistent with this ruling. Claims that were not listed in defendants' counterclaim (Doc. 11, filed April 21, 2009) will not be included in the final pretrial order. The draft of the pretrial order also includes an allegation by the defendants that plaintiffs violated K.S.A. 55-201. This statutory violation is alleged in neither defendants' counterclaim nor in the proposed amended counterclaim. Accordingly, the reference to K.S.A. 55-201 shall also be deleted from the final pretrial order.

reopen discovery for an additional 30 days. For the reasons set forth below, defendants' motion shall be DENIED.

Fed. R. Civ. P. 16(b)(4) provides that a scheduling order "may be modified ***only for good cause*** and with the judge's consent." (Emphasis added).[7] On October 28, 2009 the court amended the original scheduling order and established a December 15, 2009 deadline for the completion of discovery. (Doc. 63). The December 15 deadline passed without any request by defendants for additional discovery until January 22, 2010.

Defendants' counsel candidly explains that additional time for discovery is necessary because (1) he had limited experience with oil and gas issues when he took this case and has learned as the case progressed and (2) opposing counsel is well-versed in oil and gas matters. While counsel's candor is admirable, the justifications proffered for reopening discovery do not rise to the level of "good cause." Accordingly, defendants' oral motion to reopen discovery shall be denied.

**IT IS THEREFORE ORDERED** that defendants' oral motion to reopen discovery is **DENIED.**

### Dispositive Motion Deadline

The scheduling order established a January 29, 2010 deadline for filing dispositive

---

[7] The scheduling order in this instance also specifically admonishes the parties that the schedule "shall not be modified except by leave of court upon a showing of good cause." (Doc. 63, p. 8).

motions. However, because any potential dispositive motion would be affected by the court's ruling on defendants' motions to amend and reopen discovery, the deadline for filing any dispositive motion shall be extended.

**IT IS THEREFORE ORDERED** that the deadline for filing any dispositive motion is extended to February 12, 2010.

Dated at Wichita, Kansas this 26th day of January 2010.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge