# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HEAVY PETROLEUM PARTNERS, LLC,
and CHEROKEE WELLS, LLC

  *Plaintiffs,*

vs.

Case No. 09-1077-EFM

PAUL ATKINS, an individual, and J.J.R. OF
KANSAS LIMITED,

  *Defendants.*

## MEMORANDUM and ORDER

After conducting a bench trial on May 14, 2013, the Court issued its Memorandum and Opinion on July 23, 2013 (Doc. 234). The Court awarded judgment and quieted title in Plaintiffs' favor. Before the Court is Defendants' Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e).

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment.[1] The Court will reconsider an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct a clear error in the earlier judgment.[2] In other

---

[1] Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment.").

[2] *See Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

words, "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."[3] Rule 59(e) is not, however, an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[4]

In Defendants' briefing to the Court, they assert two arguments. First, they appear to raise a new argument that the Farmout Agreement (the contract between the parties) is not a valid contract due to a lack of consideration. Second, they contend that there is no clear and convincing evidence of Defendants' waiver of a provision in the contract. After reviewing Defendants' motion to amend, the record in this case, and the Court's previous Order, the Court concludes that Defendants do not identify an intervening change in the controlling law, newly discovered evidence, or the need to correct a clear error in the earlier judgment. Consequently, there is no need for the Court to amend or alter its previous order awarding judgment and quieting title in Plaintiffs' favor.[5]

---

[3] *Id.*; *see also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

[4] *Trackwell v. United States Government*, 2005 WL 2921586, at *1 (D. Kan. Nov. 4, 2005) (citing *Servants of Paraclete*, 204 F.3d at 1012)).

[5] There is, however, one important caveat. In the Court's previous Memorandum and Order (Doc. 234), the Court retained jurisdiction to determine an issue regarding whether Plaintiffs improperly executed on Defendant Paul Atkins' personal ownership in a lease. Defendants, however, state in their Notice of Appeal to the Tenth Circuit that "[t]he part of the order addressing defendant Atkins' personal ownership interest that was never before this court is not a remaining issue regarding the rights of the parties." Doc. 237, p. 1. Thus, it appears as though Defendants have abandoned their claim regarding the issue of Atkins' personal ownership in the lease. Accordingly, the Court vacates its previous assertion that it would appoint a special master to render a title opinion if the parties did not reach an agreement within 60 days on the title issue. Because Defendants have abandoned this issue, the Court no longer retains jurisdiction to consider this assertion.

**IT IS ACCORDINGLY ORDERED** this 31st day of October, 2013, that Defendant's Motion to Alter or Amend the Judgment under Federal Rule of Civil Procedure 59(e) (Doc. 235) is **DENIED**.

**IT IS SO ORDERED**.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE