# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

HEAVY PETROLEUM PARTNERS, LLC
and CHEROKEE WELLS, LLC,

    *Plaintiffs—Counter Defendants,*

vs.

Case No. 09-1077

PAUL ATKINS, an individual, and
J.J.R. OF KANSAS LIMITED,

    *Defendants – Counter-Claimants.*

## MEMORANDUM AND ORDER

Defendants entered into a contract with Plaintiffs intended to increase production on an oil lease owed by Defendants. Disputes arose regarding ownership of the lease and performance obligations under the contract. A complaint was initially filed in early 2009. The progress of the case thereafter is too complicated to review in this order and may be seen in the Court's docket for any interested party. Suffice it to say that, among other matters, it has involved a preliminary injunction hearing, an order for partial summary judgment, a trial, an appeal to the Tenth Circuit Court of Appeals which vacated and remanded, a denial of a motion for summary judgment, and another trial. At the end of all that, and as matters presently stand, Plaintiffs have prevailed.

Contained in the contractual agreements entered into by the parties, which were the principal subject matter of this protracted case, was a provision in the Joint Operating Agreement, attached to the Farmout Agreement, which provided in Article VII.D.5: "In the event any party is required to bring legal proceedings to enforce any financial obligation of a party hereunder, the prevailing party in such action shall be entitled to recover all court costs, costs of collection, and a reasonable attorney's fee . . . ."  Plaintiffs now move for an award of costs and fees in the amount of $280,716.77.

Plaintiffs correctly note that, since jurisdiction over this matter was established on the basis of diversity, the "court applies state law with respect to the allowance of attorney fees."[1] Under Kansas law, the amount of a fee award is within the sound discretion of the district court.[2] Kansas law views the district court as an expert on the issue of attorney fees.[3]  In making its fee award determination, the court should consider the factors of the Kansas Rules of Professional Conduct (KRPC).[4]  KRPC 1.5(a) provides:

> (a) A lawyer's fee shall be reasonable.  The factors to be considered in determining the reasonableness of a fee include the following:
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;

---

[1] *Matter of King Resources Co. (King Resources Co. v. Phoenix Resources Co.)*, 651 F.2d 1349, 1353 (10th Cir. 1981).

[2] *Link, Inc. v. City of Hays*, 268 Kan. 372, 381, 997 P.2d 697 (2000).

[3] *Id*. at 382.

[4] *Westar Energy, Inc. v. Lake*, 552 F.3d 1215 (10th Cir. 2009).  *See also Johnson v. Westhoff Sand Co., Inc.*, 281 Kan. 930, 940, 135 P.3d 1127 (2006); *City of Wichita v. BG Products, Inc.*, 252 Kan. 367, 374, 845 P.2d 649 (1993); *Westar Energy, Inc. v. Wittig*, 44 Kan. App. 2d 182, 235 P.3d 515 (2011).

(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.

Plaintiffs argue that particularly relevant to this matter are factors (1), the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal services property; and (3), the fee customarily charged in the locality for similar legal services. Plaintiffs note that not only did the case require considerable time and labor over the span of its lifetime, but that much of the effort required was due to the actions of the Defendants and the litigation tactics of Defendants' counsel:

> Specifically, Defendants repeatedly took matters into their own hands and interfered with lease operations, thereby requiring Plaintiffs to seek an injunction to stay such actions by Defendants. . . . Additionally, time and again Defendant changes theories, raised absurd issues, and obstinately refused to stop advancing claims that had been repeatedly rejected by both this Court and the court of appeals, the result of which substantially prolonged and multiplied these proceedings.[5]

The Court finds itself in complete agreement with this statement. The matter did involve the specialized knowledge of the oil and gas field, but also was unnecessarily prolonged and complicated by inappropriate and unproductive actions by both Defendants and Defendants' counsel; which continues to this very proceeding. Defendants' response to Plaintiffs' Motion for Attorney Fees makes no comment about the over 100 pages of billing memorandums attached to Plaintiffs' motion; neither as the hourly rate, nor the time expended. Instead, Defendant's entire response argues that the case was wrongly decided on the facts and law. More accurately, it does not so much *argue* that as is simply assumes that conclusively, stating either factual and legal

---

[5] Doc. 236, p. 3.

arguments which it has previously raised and lost, or stating entirely new arguments never before advanced. Moreover, it asserts that the request for attorney fees is "manifestly unreasonable" because the plaintiffs procured their success through misrepresenting the facts and through ethical violations.[6] These assertions are not germane to the issue at hand, are wholly unsupported by the case record, and are an unwarranted and outrageous smear on the professionalism and competency of Plaintiffs' counsel, which in this Court's observations through the tortious process of this case has at all times been of the highest order. In short, Defendants' response to Plaintiffs' motion is utterly non-responsive.[7]

The Court has reviewed in full the billing memorandums attached to Plaintiff's request, with the standards of KRPC 1.5(a) in mind. It finds the hourly rates to be reasonable and appropriate for this type of case, and the hours expended for the legal services rendered, in light of the conduct and tactics of Defendants and Defendants' counsel, to be fully appropriate. However, one aspect of those memorandums troubles the Court. Many entries on the billing sheets are redacted. In some instances, the entire entry not is redacted, and from the information remaining the Court can ascertain the services performed (and approves them). In many instances, however, the entry is entirely redacted (or virtually so) such that the Court has no way of knowing what services were rendered. Therefore, it cannot approve those entries. In one instance, on November 18, 2010, some information is provided, but in comparing that information to the substantial time billed for that day, it is apparent that the remaining

---

[6] Doc. 241, pp. 5-7.

[7] In its reply, Plaintiffs note that this "rambling response helps illustrate why Plaintiffs are appropriately entitled to the entire fee award that they have requested. Defendants have vexatiously multiplied the proceedings in this manner by continually raising inappropriate and irrelevant issues, and re-litigating issues that been decided against them." Doc. 245, at p. 3, n. 1. Again, the Court finds itself in full agreement.

description can in no way justify the amount billed, so the Court has allowed half of the time entered for this date. As a result of these redactions, the Court has reduced the requested attorney fee amount by $10,401.50, and allows the rest: $270,315.27.

**IT IS THEREFORED ORDERED** that Plaintiffs' Motion for Award of Attorney's Fees (Doc. 236) is GRANTED IN PART AND DENIED IN PART, and that Plaintiffs are awarded $270,315.27 in fees and expenses.

**IT IS SO ORDERED.**

Dated this 30th day of December, 2013.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE